# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 24-0117V

JUDITH MORAN,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: December 19, 2025

*John Beaulieu, Siri & Glimstad, LLP, New York, NY, for Petitioner.*

*Austin Joel Egan, U.S. Department of Justice, Washington, DC, for Respondent.*

### RULING ON ENTITLEMENT[1]

On January 26, 2024, Judith Moran filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as a result of receiving a flu vaccine on October 25, 2022. Petition at 1. Petitioner further alleges that she suffered the residual effects of her injury for more than six months. Petition at 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 7, 2025, I issued a Findings of Fact finding that "Petitioner's October 25, 2022 flu vaccine was more likely than not administered in her left arm," and

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

"Petitioner's pain and reduced range of motion was limited to her arm of vaccination." ECF No. 40 at 7-8. On December 16, 2025, Respondent filed an Amended Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Amended Rule 4(c) Report at 1. Specifically, Respondent states that "while preserving his right to appeal the Chief Special Master's October 7, 2025 finding that petitioner received the flu vaccination in her left arm and that her pain was limited to her vaccinated shoulder—respondent accepts these factual findings for purposes of further proceedings before the Chief Special Master. Upon review of Chief Special Master's factual findings and medical record evidence submitted in this case, DICP has concluded that petitioner suffered SIRVA related to her October 25, 2022 vaccination." *Id.* at 4-5. Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months and that based on the record as it now stands, "Respondent does not dispute that petitioner has satisfied all legal prerequisites for compensation under the Act." *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

2